## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RAMON AARON HERMAN ESQUIVEL, | |
| Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; OPPORTUNITY FINANCIAL, LLC; TD BANK, N.A.; and UPGRADE, INC., | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RAMON AARON HERMAN ESQUIVEL (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); OPPORTUNITY FINANCIAL, LLC (hereinafter "OppLoan"); TD BANK, N.A. (hereinafter "TD Bank"); and UPGRADE, INC. (hereinafter "Upgrade") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a natural person and resident of Pima County in the State of Arizona. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     OppLoan is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Cogency Global Inc., located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

17.     OppLoan is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     OppLoan furnished information about Plaintiff to the CRAs that was inaccurate.

19.    TD Bank is an FDIC insured national bank headquartered at 2035 Limestone Road in Wilmington, Delaware 19808 that upon information and belief conducts business in the State of Georgia.

20.    TD Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    TD Bank furnished information about Plaintiff to the CRAs that was inaccurate.

22.    Upgrade is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

23.    Upgrade is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.    Upgrade furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

25.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to him.

26.    Upon information and belief, Plaintiff has been a victim of identity theft for several years.

5

27.     In or about June 2016, Plaintiff was mugged, and his wallet which contained credit card, his driver's license, Social Security card, and other important documents was stolen.

28.     Since that time, Plaintiff has continued to observe erroneous accounts appearing his credit file which Plaintiff has disputed with some success. However, erroneous accounts continue to appear in his credit reports.

29.     In or about February 2024, Plaintiff contacted Experian and disputed TD Bank, partial account number 585975*; and Upgrade, partial account number 12159*, which did not belong to him.

30.     On or about February 23, 2024, Plaintiff received dispute results from Experian which stated Upgrade, partial account number 12159*, was removed. However, TD Bank, partial account number 585975*, was verified and remained in his credit report.

31.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

32.     Experian never attempted to contact Plaintiff during the alleged investigation.

33.     Upon information and belief, Experian notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

34.    On or about May 6, 2024, Plaintiff filed a police report with the Tucson Police Department regarding the identity theft.

35.    Shortly thereafter, Plaintiff again contacted Experian to dispute the following accounts which did not belong to him.

    i.    Credit First, partial account number 24089*;

    ii.    OppLoan, partial account number LAI023*;

    iii.    OppLoan, partial account number LAI025*; and

    iv.    TD Bank, partial account number 585975*.

36.    On or about May 27, 2024, Plaintiff received dispute results from Experian which stated TD Bank, partial account number 585975*, was verified and remains.

37.    On or about June 4, 2024, Plaintiff received dispute results from Experian which stated OppLoan, partial account number LAI023*, was verified and remains, and OppLoan, partial account number LAI025*, was verified as accurate.

38.    Plaintiff did not receive dispute results as to Credit First, partial account number 24089*. However, upon review of his updated credit report, Plaintiff observed the erroneous account continued to be reported with a comment which

stated, "This item remained unchanged from our processing of your dispute in June 2024".

39.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

40.     Experian never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Experian notified Credit First of Plaintiff's dispute. However, Credit First failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.     Upon information and belief, Experian notified OppLoan of Plaintiff's dispute. However, OppLoan failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

43.     Upon information and belief, Experian notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

44.     On or about July 22, 2024, Plaintiff obtained copies of his Equifax and Experian credit reports. Upon review, Plaintiff observed personal identifying

information which was incorrect, and the following erroneous accounts which did not belong to him.

| Furnisher | CRA | Account | Status |
|---|---|---|---|
| Credit First | Equifax, Experian | 24089* | Closed |
| OppLoan | Experian | LAI023* | Closed |
| OppLoan | Equifax, Experian | LAI025* | Charge Off $2,549 |
| TD Bank | Experian | 585975* | Charge Off $604 |
| Upgrade | Equifax | *6185 | Charge Off |

45.   On or about August 16, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 176277589. In this report, he explained that he was a victim of identity theft and that there were erroneous accounts in his credit report which did not belong to him.

46.   Due to the inaccurate reporting, on or about August 19, 2024, Plaintiff submitted online a detailed dispute letter to Equifax and Experian. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft and that the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and images of the police report filed with the Tucson Police Department.

47.     On or about September 11, 2024, Plaintiff received dispute results from Equifax which stated OppLoan, partial account number LAI025*, and Upgrade, partial account number ending in *6185, were verified as accurate. Plaintiff did not receive dispute results as to Credit First, partial account number 24089*; but upon review of his updated credit report, Plaintiff observed the erroneous Credit First account continued to be reported.

48.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

49.     Equifax never attempted to contact Plaintiff during the alleged investigation.

50.     Upon information and belief, Equifax notified Credit First of Plaintiff's dispute. However, Credit First failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.     Upon information and belief, Equifax notified OppLoan of Plaintiff's dispute. However, OppLoan failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

52.     Upon information and belief, Equifax notified Upgrade of Plaintiff's dispute. However, Upgrade failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

53.  On or about September 11, 2024, Plaintiff received dispute results from Experian which stated the OppLoan, partial account number LAI025*, was verified as accurate. To Plaintiff's relief, Credit First, partial account number 24089*; OppLoan, partial account number LAI023*; and TD Bank, partial account number 585975*; were removed.

54.  Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

55.  Experian never attempted to contact Plaintiff during the alleged investigation.

56.  Upon information and belief, Experian notified OppLoan of Plaintiff's dispute. However, OppLoan failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

57.  Due to the continued inaccurate reporting, on or about September 24, 2024, Plaintiff submitted online a second detailed dispute letter to Equifax and Experian. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff reiterated he was a victim of identity theft and that the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's

license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, images of the police report filed with the Tucson Police Department, and other supporting documents.

58.    As of the filing of this Complaint, Plaintiff has not received dispute results as to his second detailed dispute letter.

59.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Experian continue to inaccurately report fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

60.    Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

61.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

62.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.  Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

63.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

64.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.   Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

66.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

67.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

68.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

69.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with Tucson Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

70.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Willful)**

73.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

74.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

75.    Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

76.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

77.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

78.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

79.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with Tucson Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

80.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

82.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

83.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

84.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

85.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

86.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

87.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual damages against Defendant,

EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

90.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

91.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

92.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

19

93.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

94.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

20

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

97.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

98.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.     Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

100.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

101.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

102.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

103.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with Tucson Police

Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

104.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

106.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

22

107.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

108.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

109.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

110.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

111.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

112.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

113.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with Tucson Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

114.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

117.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

118.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

119.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

120.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

121.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

123.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VIII</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

124.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

125.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

26

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

126.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

127.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

128.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

129.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

130.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Opportunity Financial, LLC (Negligent)

131.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

132.   OppLoan furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

133.   After receiving Plaintiff's disputes, OppLoan violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

28

failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

134.   Plaintiff provided all the relevant information and documents necessary for OppLoan to have identified that the accounts were erroneous.

135.   OppLoan did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to OppLoan by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

136.   OppLoan violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

137.   As a direct result of this conduct, action, and/or inaction of OppLoan, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and inaction of OppLoan was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from OppLoan in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual damages against Defendant, OPPORTUNITY FINANCIAL, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Opportunity Financial, LLC (Willful)

140.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

141.   OppLoan furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

142.   After receiving Plaintiff's disputes, OppLoan violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

143.   Plaintiff provided all the relevant information and documents necessary for OppLoan to have identified that the accounts were erroneous.

144.   OppLoan did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to OppLoan by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

145.   OppLoan violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

146.   As a direct result of this conduct, action, and/or inaction of OppLoan, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

147.   The conduct, action, and inaction of OppLoan was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

148.   Plaintiff is entitled to recover costs and attorney's fees from OppLoan in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, OPPORTUNITY FINANCIAL, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **COUNT XI**
### **Violation of 15 U.S.C. § 1681 s-2(b) as to**
### **Defendant, TD Bank, N.A. (Negligent)**

149.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

150.   TD Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

151.   After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

152.   Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account was erroneous.

153.   TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

154.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

155.   As a direct result of this conduct, action, and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

156.   The conduct, action, and inaction of TD Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

157.   Plaintiff is entitled to recover costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual damages against Defendant, TD BANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, TD Bank, N.A. (Willful)**

158.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

159.   TD Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

160.   After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

161.   Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account was erroneous.

162.   TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

35

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

163.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

164.   As a direct result of this conduct, action, and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and inaction of TD Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

166.   Plaintiff is entitled to recover costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TD BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Upgrade, Inc. (Negligent)

167.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

168.   Upgrade furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

169.   After receiving Plaintiff's disputes, Upgrade violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170.   Plaintiff provided all the relevant information and documents necessary for Upgrade to have identified that the account was erroneous.

171.   Upgrade did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Upgrade by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

172.   Upgrade violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

173.   As a direct result of this conduct, action, and/or inaction of Upgrade, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

174.   The conduct, action, and inaction of Upgrade was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

175.   Plaintiff is entitled to recover costs and attorney's fees from Upgrade in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual damages against Defendant, UPGRADE, INC.; jointly and severally; award Plaintiff his attorneys' fees and

costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Upgrade, Inc. (Willful)**

176.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

177.   Upgrade furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

178.   After receiving Plaintiff's disputes, Upgrade violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179.   Plaintiff provided all the relevant information and documents necessary for Upgrade to have identified that the account was erroneous.

180.   Upgrade did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Upgrade by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

181.   Upgrade violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

182.   As a direct result of this conduct, action, and/or inaction of Upgrade, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

183.   The conduct, action, and inaction of Upgrade was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

184.   Plaintiff is entitled to recover costs and attorney's fees from Upgrade in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award actual or statutory damages and punitive

damages against Defendant, UPGRADE, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RAMON AARON HERMAN ESQUIVEL, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; OPPORTUNITY FINANCIAL, LLC; TD BANK, N.A.; and UPGRADE, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of September 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620

41

Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*